UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBIN DALE KILGORE PEPPERS, | |
| Petitioner, | |
| v. | CAUSE NO. 3:25-CV-648 DRL-SJF |
| SHERIFF, | |
| Respondent. | |

OPINION AND ORDER

Robin Dale Kilgore Peppers, a prisoner without a lawyer, filed a habeas corpus petition purporting to challenge his conviction in Case No. 71D01-2505-F4-36 under 28 U.S.C. § 2254. However, review of the electronic docket for the state courts reveals that the criminal case remains pending in the St. Joseph Superior Court. Consequently, the court construes the petition as a challenge to pretrial detention under 28 U.S.C. § 2241. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Mr. Peppers asserts that his trial judge is violating various federal and state criminal statutes by refusing to recuse himself, denying or refusing Mr. Peppers' motions, and denying him access to evidence. Notably, Section 2241 allows habeas petitioners to raise claims that they are in custody in violation of constitutional and federal law. 28 U.S.C. § 2241(c)(3). Mr. Peppers' allegations are concerning, if vague, but they do not appear to squarely challenge his pretrial detention. To the contrary, Mr. Peppers appears to primarily seek the criminal prosecution of his trial judge, and this type of relief is not available in a federal habeas proceeding. Stated

otherwise, even crediting the allegations as true, it would not necessarily mean that Mr. Peppers' continued pretrial detention is unlawful. Because Mr. Peppers does not directly challenge the lawfulness of his pretrial detention, the court cannot grant him habeas relief.

That said, the court will grant Mr. Peppers an opportunity to amend his petition to state a valid claim in light of his *pro se* status. However, he should not file an amended petition if he does not believe he can state a viable claim. Notably, Mr. Peppers must exhaust his state court remedies to obtain habeas relief. *See United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991) ("[F]ederal courts nevertheless may require, as a matter of comity, that [pretrial] detainees exhaust all avenues of state relief before seeking the writ."). To satisfy this requirement, at minimum, he must have made some effort to present the specific claims in his amended petition to the St. Joseph Superior Court, the Indiana Court of Appeals, and the Indiana Supreme Court.

For these reasons, the court:

(1) ORDERS Robin Dale Kilgore Peppers to file any amended petition by September 2, 2025; and

(2) CAUTIONS Robin Dale Kilgore Peppers that, if he does not respond by this deadline, this case will be dismissed without further prejudice.

SO ORDERED.

August 4, 2025                                              *s/ Damon R. Leichty*
                                                            Judge, United States District Court