UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBIN DALE KILGORE PEPPERS,

    Petitioner,

  v.   CAUSE NO. 3:25-CV-648 DRL-SJF

SHERIFF,

    Respondent.

OPINION AND ORDER

Robin Dale Kilgore Peppers, a prisoner without a lawyer, filed an amended habeas petition challenging his pretrial detention in Case No. 71D01-2505-F4-36. ECF 4. He currently faces a criminal charge of sexual misconduct with a minor in the St. Joseph Superior Court.[1] Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the amended petition, Mr. Peppers primarily seeks the criminal prosecution of judges, prosecutors, and law enforcement officials. As the court explained in the prior order, this type of relief is not available in a habeas proceeding, and, even crediting the allegations of criminal behavior as true, it would not necessarily mean that Mr. Peppers' continued pretrial detention is unlawful. ECF 3. Mr. Peppers also briefly asserts that he has been unlawfully detained without probable cause and that the trial court has imposed

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

excessive bond, but these allegations are too vague to state a valid claim for habeas relief. More specifically, Mr. Peppers provides no explanation as to why he believes his bond is excessive in relation to the relevant factors, nor does he explain why the probable cause affidavit entered in his criminal case is insufficient to justify his pretrial detention.

Further, it does not appear that Mr. Peppers has exhausted his state court remedies. *See United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991) ("[F]ederal courts nevertheless may require, as a matter of comity, that [pretrial] detainees exhaust all avenues of state relief before seeking the writ."). To exhaust, a habeas petitioner must "assert his federal claim through one complete round of state-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). According to the electronic docket for the state courts, Mr. Peppers has never presented any arguments relating to his pending criminal case to the Indiana appellate courts.

Though Mr. Peppers represents that he has emailed the Indiana Supreme Court, it remains unclear whether he specifically presented that court with any challenges to his pretrial detention on constitutional grounds. Further, the Indiana Rules of Appellate Procedure do not allow parties to submit filings to the Indiana appellate courts by email. *See* Ind. R. App. R. 23; Ind. R. App. R. 68. Mr. Peppers also provides no explanation for bypassing the Indiana Court of Appeals. Consequently, the court finds that Mr. Peppers has not exhausted state court remedies with respect to any potential challenge to his pretrial detention. Therefore, the court dismisses the habeas petition without prejudice to refiling once state court remedies have been exhausted.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging him to proceed further in federal court until Mr. Peppers has exhausted his claims in state court.

For these reasons, the court:

(1) DISMISSES without prejudice the amended petition (ECF 4) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are invalid and unexhausted;

(2) DENIES Robin Dale Kilgore Peppers a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

August 15, 2025              *s/ Damon R. Leichty*
                             Judge, United States District Court